UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK H. WILLIAMSON,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>    Defendant. | NO. EDCV 16-1180 AGR<br><br>MEMORANDUM OPINION AND ORDER |

       Plaintiff Williamson filed this action on June 6, 2016. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge. (Dkt. Nos. 13, 14.) On December 7, 2016, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The court has taken the matter under submission without oral argument.

       Having reviewed the entire file, the court reverses the decision of the Commissioner and remands this case for further proceedings.

## I.

## PROCEDURAL BACKGROUND

On July 9, 2012, Williamson filed applications for supplemental security income and disability insurance benefits, alleging an onset date of May 15, 2012. Administrative Record ("AR") 21.  The applications were denied initially and on reconsideration.  AR 21, 99-100, 133-34.  Williamson requested a hearing before an Administrative Law Judge ("ALJ").  AR 154.  On August 8, 2014, the ALJ conducted a hearing at which Williamson and a vocational expert ("VE") testified. AR 36-70.  On October 31, 2014, the ALJ issued a decision denying benefits.  AR 18-31.  On April 8, 2016, the Appeals Council denied the request for review.  AR 1-6.  This action followed.

## II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court reviews the Commissioner's decision to deny benefits.  The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards.  *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion."  *Moncada*, 60 F.3d at 523.  In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence.  *Drouin*, 966 F.2d at 1257.  When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision.  *Moncada*, 60 F.3d at 523.

## III.

## DISCUSSION

### A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003) (citation and quotation marks omitted).

### B. The ALJ's Findings

The ALJ found that Williamson met the insured status requirements through September 30, 2013. AR 23. Following the five-step sequential analysis applicable to disability determinations, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[1] the ALJ found that Williamson had the severe impairments of borderline intelligence, learning disorder, left shoulder impingement and left knee medial compartment degenerative changes. AR 23.

The ALJ found that Williamson had the residual functional capacity ("RFC") to perform medium work except as follows: He can add and subtract simple numbers; read and write short and simple words at about the second grade level; and perform noncomplex, routine tasks; and perform work limited to 02 Level Reasoning Development (apply commonsense understanding to carry out detailed but involved written or oral instructions, and deal with problems involving a few concrete variables in or from standardized situations). He can lift/carry 50

---

[1] The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work. *Lounsburry*, 468 F.3d at 1114.

pounds occasionally and 25 pounds frequently; sit, stand and walk for six hours out of an eight-hour workday; stand or walk 1 hour at a time then needs to sit a couple minutes before standing another hour; sit two hours at a time; and frequently bend, kneel, stoop, crawl and crouch. He is precluded from ladders, scaffolds or work at heights. He cannot raise his left arm above head level. He cannot have interaction with the public but can have occasional, non-intense superficial interaction with coworkers and supervisors. AR 26.

The ALJ further determined that Williamson could not perform any past relevant work, but there were a significant number of jobs that he could perform, such as linen room attendant and store laborer. AR 29-30.

### C. The ALJ's Step Five Determination

At step five of the sequential analysis, the ALJ found that Williamson could perform the representative jobs of linen room attendant (DOT § 222.387-030) and store laborer (DOT § 922.687-058). Williamson argues that the requirements of those jobs as set forth in the Dictionary of Occupational Titles ("DOT") are inconsistent with his residual functional capacity in two ways: (1) there is an apparent conflict because the DOT is silent on the issue of a sit/stand option; and (2) there is a conflict between the DOT requirement of "frequent reaching" and Williamson's preclusion from jobs requiring reaching overhead with his left arm.

At step five of the sequential analysis, the burden shifts to the ALJ to identify jobs that exist in significant numbers in the national economy that the claimant can perform. *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999); *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998); 20 C.F.R. §§ 404.1520, 416.920. In meeting this burden, the ALJ relies primarily on the DOT for information about the requirements of work in the national economy. Social Security Ruling ("SSR") 00-4p, 2000 WL 1898704 (Dec. 4, 2000); *see also Pinto v. Massanari*, 249 F.3d 840, 845-46 (9th Cir. 2001).

4

The ALJ may also rely on the testimony of a vocational expert, who can assess the claimant's limitations and identify any existing jobs that the claimant can perform. *Tackett*, 180 F.3d at 1100-01. However, if the ALJ relies on a VE's testimony that contradicts the DOT, the record must contain "persuasive evidence to support the deviation." *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995). The ALJ may not rely on a VE's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the DOT. If the testimony conflicts, the ALJ must obtain a reasonable explanation for the deviation. *Massachi v. Astrue*, 486 F.3d 1149, 1152-54 (9th Cir. 2007); SSR 00-4p. The ALJ's failure to inquire, however, can be harmless error when there is no actual conflict, or if the VE provided sufficient support to justify any variation from the DOT. *Massachi*, 486 F.3d at 1154 n.19.

Here, the VE testified that her testimony was consistent with the DOT and was also based on 23 years of experience working as a vocational rehabilitation consultant. AR 68.

### 2. Sit/Stand Option

Williamson has not identified an actual conflict between the VE's testimony and the DOT because the DOT provides no information about a sit/stand option or other need to shift positions during the workday. *See Laufenberg v. Colvin*, 2016 U.S. Dist. LEXIS 164530, *25 (C.D. Cal. Nov. 29, 2016).

The Ninth Circuit has not squarely addressed the question of whether a conflict arises when the DOT is silent on a work restriction. The court in *Laufenberg* noted that "[d]istrict courts in the Ninth Circuit are divided on whether a conflict exists for limitations not addressed by the DOT, including sit/stand options." *Id.* at *26 (collecting cases). The court found persuasive the line of cases finding that no conflict is created when the DOT is silent. "[T]o hold otherwise would mean that VEs always create conflicts with the DOT whenever they mention any of the multitude of things about a job not expressly addressed

in the DOT." *Id.* at *27. As the Ninth Circuit has stated in a different context, "a VE's recognized expertise provides the necessary foundation for his or her testimony." *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). The ALJ did not err.

### 3. **Frequent Reaching**

By contrast, there is a potential conflict between the requirement of frequent reaching for the representative jobs identified by the ALJ at the level of medium work and Williamson's RFC, which precludes him from overhead reaching with the left arm. Although the DOT does not specify whether the requisite "reaching" includes reaching above shoulder level or in all directions, "relevant legal authorities suggest that it does." *Riffner v. Colvin*, 2014 WL 3737963, at *4 (C.D. Cal. July 29, 2014); *see also Riad v. Colvin*, 2014 WL 2938512, at *5 (C.D. Cal. June 30, 2014) ("[T]he weight of authority in the Ninth Circuit supports the proposition that 'reaching' as used here in the DOT encompasses overhead or above-the-shoulder reaching."); SSR 85–15, 1985 WL 56857, at *7 ("reaching" defined as "extending the hands and arms in *any* direction") (emphasis added).

The DOT's description of the linen room attendant job states that the attendant is expected to store laundered items on shelves. (DOT § 222.387-030.) A store laborer "[c]onveys materials and items from receiving or production areas to storage or to other designated areas by hand, hand truck, or electric hand truck. Sorts and places materials or items on racks, shelves, or in bins according to predetermined sequence . . . . Assembles customer orders from stock and places orders on pallets or shelves, or conveys orders to packing station or shipping department." (DOT § 922.687.058.)

These DOT job descriptions indicate that the frequent reaching required by these jobs is likely to include overhead reaching on linen room shelves, store shelves or warehouse shelves. *See Gutierrez v. Colvin*, 2016 U.S. App. LEXIS

6

21369, *8 (9th Cir. Nov. 29, 2016) ("But anyone who's made a trip to the corner grocery store knows that while a clerk stocking shelves has to reach overhead frequently, the typical cashier never has to. To be sure, an ALJ must ask follow up questions of a vocational expert when the expert's testimony is either obviously or apparently contrary to the *Dictionary*, but the obligation doesn't extend to unlikely situations or circumstances. Had the expert opined that [the claimant] could stock shelves or wash windows, the conflict would have been apparent and obvious, and the ALJ would have needed to follow up with more specific questions."[2]). The VE did not acknowledge any conflict or explain or justify the apparent inconsistency. *See* AR 59-63; *see, e.g., Martinez v. Colvin*, 2015 WL 966131, at *5 (E.D. Cal. Mar. 4, 2015)(when VE incorrectly indicated there was no inconsistency, court was unable to determine whether substantial evidence supported step five determination).

Defendant contends Williamson forfeited this claim by failing to raise it at the hearing. This argument is without merit. Claimants generally "need not preserve issues in proceedings before the Commissioner or her delegates." *See Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005); *see also Hernandez v. Colvin*, 2016 WL 1071565, at *5 (C.D. Cal. Mar. 14, 2016); *Norris v. Colvin*, 2013 WL 5379507, at *3 (C.D. Cal. Sept. 25, 2013)(same); *Gonzales v. Astrue*, 2012 WL 2064947, at *4 (E.D. Cal. June 7, 2012) (same).

Remand is appropriate so that the ALJ can reevaluate the testimony of the VE and obtain a reasonable explanation for any conflict between that testimony and the DOT, specifically with respect to Williamson's reaching limitation.

---

[2] The claimant in *Gutierrez* was precluded from overhead reaching with one of her arms.

7

## IV.
## **ORDER**

IT IS HEREBY ORDERED that judgment be entered reversing the Commissioner's decision and remanding this matter for further administrative proceedings consistent with this Memorandum Opinion and Order.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: December 12, 2016

ALICIA G. ROSENBERG
United States Magistrate Judge